Jason Allen
18965 /co hansen
Florence MT
59833

United States District Court of Montana, Missoula Division

Complaint

Jason C Allen
, Plaintiff

Civil Action No.

V-

Mineral County
Mineral County Administrators

Wayne Cashman - Under Sheriff
Mike Toth - Sheriff
Duan Simons - Commissioner
Dawn Terril - Commissioner
Debra Jackson - Prosecutor

Jury Trial Demanded

, Respondants

I Jason C. Allen, was confined at the Mineral County Jail, Located at P.O. Box 99 Superior Montana from Date: August 3rd 2022 To Date: October 11th 2022 for a total of #70 Days.

Defendant, Mike Toth is and was at all times relevant times herein the sheriff, superintendant of the mineral county jail. As sheriff of the jail the defendant manages the day to day operations and executes it's policies.

Defendant, Wayne Cashman, undersheriff is and was at all relevant times Herein undersheriff, assisting Superintendant of the Mineral County jail. As undersheriff of the jail the defendant assists in managing the day to day operations and executes it policies.

Defendant Mineral County, is and was at all relevant times Herein a municapal corporation of the state of Montana

Defendant Mineral County administrators is and was at all times relevant Herein of adult services for the City of Superior Montana, with responsibility for operating and maintaining detention, penal and corrective institutions within the city of Superior, including the mineral county jail

Defendant Duan Simons, County Commissioner is and was at all times relevant Herein of the allotment of funds and services for the City of Superior Montana, with responsibilty for operating and maintaining detention, penal, and corrective institutions within the City of Superior including the mineral county jail

Deffendant Dawn Terril county Commissioner is and was at all times relevant Herein of the allotment of funds and services for the City of Superior Montana, with responsibility for operating and Maintaining detention, penal, and corrective institutions within the City of Superior Including the Mineral County jail.

Defendant Debra Jackson, county Attorney for Mineral County is and was county Attorney / Prosecutor and as a person, is and was at all relevant times Herein an Employee of the County (Mineral County).

This action arises under and is brought Pursuant to 42 U.S.C. Section 1983 to remedy the deprevation under color of state Law, of rights Gouranteed by the Eighth and Fourteenth amendments to the United States constitution. This court has Jursdiction over this action Pursuant to 28 U.S.C. Sections 331 and 1343, Plaintiff claims for injuctive rellief are authorized by rule 65 of the Federal rules of Civil procedure, This Cause of action Arose in the District of Montana-Missoula Division, therfore, venue is proper under 28 U.S.C., Section 1391(B)

Plaintiff has no other Lawsuits dealing with the same facts involved in this action or otherwise relating to their imprisonment.

Plaintiff has exhausted all available admistrative remedies within the Mineral County Jail. Greivances, kites and requests are maintained in this Lawsuit as problems Severe and minor, going ignored and overlooked: See personal statements.

At all Relevant times Herein, Defendants were "Persons" for the Purpose of 42 U.S.C., Section 1983 and acted under Color of law to deprive Plaintiff (Jason C. Allen) of his constitutional rights, as set forth more fully below

Personal Statement:

1. There was no heat or Air conditioning. There were temperatures of 90° to 98° in the 4 man cells. Temperatures were taken by the CO's digital heat gun.

2. The PREA posters in the windows and the kiosk had the wrong phone number posted and the wrong phone number was also listed in the handbook.

3. Block B, C, D cannot have a video visit without the person you are visiting with being able to view other inmates in the shower area drying off, getting un-dressed and dressed in the designated area. inmates can also be seen by the day room when drying off, getting dressed and getting undressed.

4. There was a 24 hour camera in bloc C cell D, which is a 4 man cell in normal population. Inmates were viewed getting dressed/undressed and going to the bathroom.

5. There was no qualified person to answer medical kites, medical greivences or answer medical questions. This was all done by CO Scott, a 22 year old CO with no qualifications. (this is per their rules on the kiosk handbook)

6. There were no religious services, self help (AA, NA books), no mental health services or anyone to talk to or bring problems to. Trying to get to the doctor for mental health issues was almost impossible, the jail did not want the cost. I had a prescription for meds to help with anxiety and to help be able to sleep and I ran out. I was told I would have to see the doctor in mineral county before I could get my prescription refilled. Despite multiple kites to see medical it took four weeks before I was actually seen. In the meantime the jail substituted my prescription with melatonin.

7. Medical care was very difficult to get. I have a severe spinal injury and I was denied medical care for four weeks for my neck as well.

8. There was no proper greivance system, no carbon copy forms, no order of command. Officers that greivances were filed on would answer them, there was no chain of command as to the proper steps to a sargeant, then under sheriff. Just a single sided printed off greivance form and a kiosk to file through. Many were ignored or never responded to. We were never able to speak with a higher up in charge.

6 of 7

9. There was black mold in the showers and the only thing that was provided to clean it with was simple green

10. There were only 3 tables with 4 seats per table, yet the block hold 16 inmates. There were no chairs provided so some had to stand to eat. Also half the lights in the dayroom didn't work because there were no bulbs in them.

## Prayer for Relief

Plaintiff request an order declaring that the defendants acted in violation of the United States constitution.

Plaintiff requests an injuction compelling the defendants to provide adequate conditions of inmate housing, classification, and Safety. Adequate medical care and proper medicall staff to Read, Respond to all medical kites and Greivances, als ot Pass Medication. Adequate Upto Date law library access, Adequate fire Safety equipment, Adequate Judicial System within Mineral County, Adequate Judges, County Attorneys, Adequate room for attorney visits (with out recorded lines or Cameras with recordings) Adequate staffing (properly trained), Kitchen staff/officers, Adequate staff to keep record of Safety, Sanatation, Adequate heating/AC/Ventilation and all maintenance Adequate Safety of PREA from staff/Inmates/civillians, the Safety of the Inmates, Adequate oversight of commissioner to ensure the defendants comply with courts Judgments and not just depend on filing of paperwork, and actualy see for themselves, Adequate PREA Awareness conditions and training And Phone #s or info, And Adequate conditions that the Court see fit and Just, Adequate Upto date Kiosk Handbooks prior to opening and Rules with Adequate DHO Process, Upto date at opening Adequate trained Staff.

Plaintiff requests Defendants be charged with misstreating prisoners. (45-5-204. MCA).

Plaintiff requests $1,500.⁰⁰ for each day housed in the Mineral County Jail Facility, as compensatory Damages.

6 1 of 2

Plaintiff requests $1,500,000.00 for Punitive damages, icured by the harsh living conditions and mistreatment of Prisoners, as well as the malicious prosecution and handeling of criminal and Judicial matters in mineral County Jail and District Courts.

Plaintiff requests attorney fees and costs for any and all attorneys/legal counsel assigned to Plaintiff in the foregoing matter.

Signed this Date: 12-9-22

X _____

Plantiff X Jason C Allen
Print name